**CERTIFIED MAIL**
United States Postal Service®
RETURN RECEIPT REQUESTED ELECTRONIC

NAILAH K. BYRD
1200 Ontario
Cleveland, OH 44113

Case# CV26130550

9314 8001 1300 3552 7988 47

US POSTAGE PITNEY BOWES
FIRST-CLASS
ZIP 44102 $009.44
02 7W
0008041111 JAN 06 2026

BROTHERHOOD MUTUAL INSURANCE COMPANY
STAT AGENT, COGENCY GLOBAL INC
3958-D BROWN PARK DRIVE
HILLIARD OH 43026

Exhibit A

NAILAH K. BYRD
1200 Ontario
Cleveland, OH 44113

Case# CV26130550

RETURN RECEIPT REQUESTED ELECTRONICALLY



9314 8001 1300 3552 7988 47

BROTHERHOOD MUTUAL INSURANCE COMPANY
STAT AGENT, COGENCY GLOBAL INC
3958-D BROWN PARK DRIVE
HILLIARD OH 43026

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>LIVING HOPE PARMA, INC.</u>
**Plaintiff**

V.

<u>BROTHERHOOD MUTUAL INSURANCE COMPANY</u>
**Defendant**

CASE NO. CV26130550

JUDGE  JOAN SYNENBERG

# SUMMONS     SUMC  CM

Notice ID:  59142618

| From: | LIVING HOPE PARMA, INC.<br>12970 HUFFMAN ROAD<br>PARMA OH 44130 | P1 |
|---|---|---|

| Atty.: | CORY D. THOMPSON<br>250 E. FIFTH STREET<br>SUITE 2000<br>CINCINNATI, OH 45202-0000 |
|---|---|

| To: | BROTHERHOOD MUTUAL INSURANCE COMPANY<br>STAT AGENT, COGENCY GLOBAL INC<br>3958-D BROWN PARK DRIVE<br>HILLIARD OH 43026 | D1 |
|---|---|---|

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
216-443-7950

By *Linda Moore*
Deputy

Date Sent: <u>01/05/2026</u>

CMSN130



# Cuyahoga County Clerk of Courts
## Nailah K. Byrd

**Multilingual Notice:**

You have been named as a defendant in this Court. You must file an answer within 28 days; if you fail to answer, the Court may enter judgment against you for the relief stated in the Complaint. Seek assistance from both an interpreter and an attorney. Your inability to understand, write, or speak English will not be a defense to possible judgment against you.

1. **Spanish (US)**
   \*\*\*Aviso multilingüe:

   Este Tribunal lo ha declarado como acusado. Debe presentar una respuesta en un plazo de 28 días. Si no contesta en dicho plazo, el Tribunal podrá dictar sentencia en su contra por el amparo que se detalla en la demanda. Solicite la ayuda de un intérprete y de un abogado. Su incapacidad para comprender, escribir o hablar inglés no se considerará como defensa ante una posible sentencia en su contra.

2. **Somali**
   \*\*\*Ogeysiis luqadda badan ah:

   Waxaa laguu magacaabay sida eedeysane gudaha Maxkamadan. Waa in aad ku soo gudbisaa jawaab 28 maalmood gudahood; haddii aad ku guuldareysto jawaabta, Maxkamada laga yaabo in ay gasho xukun adiga kaa soo horjeedo ee ka nasashada lagu sheegay Cabashada. Raadi caawinta ka timid labadaba turjubaanka iyo qareenka. Karti la'aantaada aad ku fahmo, ku qoro, ama ku hadasho Af Ingiriisiga ma noqon doonto difaacida xukunkaaga suuralka ah ee adiga kugu lidka ah.

3. **Russian**
   \*\*\*Уведомление на разных языках:

   Вы были названы в качестве ответчика в данном суде. Вы должны предоставить ответ в течение 28 дней; если Ваш ответ не будет получен, суд может вынести решение против Вас и удовлетворить содержащиеся в жалобе требования. Воспользуйтесь услугами переводчика и адвоката. Тот факт, что Вы не понимаете английскую речь и не можете читать и писать по-английски, не является препятствием для возможного вынесения судебного решения против Вас.

4. **Arabic**

   \*\*\*ملاحظة متعددة اللغات:

   لقد تم اعتبارك مدعى عليه في هذه المحكمة. يجب أن تقدم ردا خلال 28 يوماً؛ وإذا لم تقم بالرد، فقد تصدر المحكمة حكما ضدك بالتعويض المنصوص عليه في هذه الشكوى القضائية. اطلب المساعدة من مترجم فوري ومحام. فلن تعد عدم قدرتك على فهم اللغة الإنجليزية أو كتابتها أو تحدثها دفاعا لك أمام الحكم المحتمل ضدك.

5. **Chinese (Simplified)**
   \*\*\*多語版本通知：

   您在本法庭已被列为被告。您必须于28日内递交答辩状；如果没有递交答辩状，法庭会针对诉状中声明的补救措施对您作出不利判决。请向口译人员和律师寻求帮助。您无法理解、书写或说英语的情况不能作为对您可能作出不利判决的辩护理由。

Justice Center, 1st Floor • 1200 Ontario Street • Cleveland, Ohio 44113-1664 • 216.443.7950

Ohio Relay Service 711 • Website: coc.cuyahogacounty.us



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**January 5, 2026 15:46**

By: CORY D. THOMPSON 0077967

Confirmation Nbr. 3718096

| | |
|---|---|
| LIVING HOPE PARMA, INC. | CV 26 130550 |
| vs. | **Judge:** JOAN SYNENBERG |
| BROTHERHOOD MUTUAL INSURANCE COMPANY | |

Pages Filed: 7

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| LIVING HOPE PARMA, INC.<br>12970 Huffman Rd,<br>Parma, Oh 44130-1864 | Case No:<br><br>Judge: |
| Plaintiff,<br><br>-vs.- | **COMPLAINT WITH<br>JURY DEMAND<br>ENDORSED HEREON** |
| BROTHERHOOD MUTUAL INSURANCE COMPANY<br>**Please Serve**<br>**Statutory Agent**<br>**Cogency Global Inc.**<br>**3958-D Brown Park Drive**<br>**Hilliard, OH 43026**<br><br>Defendant. | |

**NOW COMES Plaintiff, Living Hope Parma,** by and through undersigned counsel, and states the Complaint against the named Defendant, as follows:

## I. The Parties

1. Plaintiff Living Hope Parma Inc. is a nonprofit religious organization that owns and occupies 12970 Huffman Rd, Parma, Oh 44130-1864 and has operated the property as a church.

2. Defendant Brotherhood Mutual Insurance Company (Brotherhood Mutual) is an insurance company which issued property policy number 34M5A0516374 to the Plaintiff, Living Hope Parma, that provided coverage for the Church generally.

3. Pursuant to Civil Rule 10(D), a copy of the Policy is attached to this Complaint.

Page 1 of 7

4. The Policy was in full force and effect on .

## II. Jurisdiction and Venue

5. The Church is located in Cuyahoga County, Ohio.
6. The Policy was issued to provide coverage for the Church in Cuyahoga County, Ohio.
7. The operative facts and actions that give rise to this complaint and the loss substantially occurred in Cuyahoga County, Ohio.
8. Defendant Brotherhood Mutual conducts substantial business within Cuyahoga County, Ohio.
9. Jurisdiction is properly invoked in the Cuyahoga County Court of Common Pleas.
10. Venue is proper in Cuyahoga County.

## III. Statement of Facts

11. The Plaintiff owned the Church on as a primary residence and is still owned by Plaintiff today.
12. On or about , Plaintiff, suffered a substantial Wind, Tornado, Hail loss to the .
13. Plaintiff promptly notified Brotherhood Mutual of the occurrence on or about .
14. Plaintiff fully cooperated with Brotherhood Mutual following the loss.
15. Plaintiff satisfied all conditions precedent to pursue a valid property loss claim under The Policy.
16. Brotherhood Mutual failed to conduct a reasonable investigation of the loss.
17. Brotherhood Mutual failed to properly indemnify the Plaintiff for the loss pursuant to the terms of The Policy.
18. As a result of the loss and the failure to conduct a reasonable investigation, there was loss of use and additional damage at The Church.

19. Brotherhood Mutual wrongfully processed the claim in bad faith, or otherwise engaged in wrongful acts and omissions in failing to fully indemnify the Plaintiff for a covered loss.

20. Plaintiff placed reasonable reliance on Brotherhood Mutual that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for their property losses.

## COUNT I: BREACH OF CONTRACT

21. Plaintiff restates and re-alleges every allegation contained in the preceding paragraphs as if fully rewritten herein.

22. Plaintiff had a valid contract of insurance in place with Defendant on .

23. The valid contract of insurance applied generally to 12970 Huffman Rd, , Parma, Oh 44130-1864.

24. Defendant Brotherhood Mutual breached the terms of that contract by failing to fully indemnify the Plaintiff for Plaintiff's loss according to the terms of the contract.

25. Defendant Brotherhood Mutual breached the terms of that contract by failing to fully investigate, adjust the loss, and adequately indemnify the Plaintiff according to the terms of the contract.

26. As a direct and proximate result of the breach of the insurance contract by Brotherhood Mutual, Plaintiff has sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT II: BAD FAITH

27. Plaintiff restates and re-alleges every allegation contained in the preceding paragraphs as if fully rewritten herein.

28. Defendant, Brotherhood Mutual, has obligation to act in good faith when determining coverage for this claim.

29. Brotherhood Mutual has a duty to act in good faith in adjusting the value of this claim.

30. Brotherhood Mutual has an independent affirmative duty to act in good faith concerning its investigation and of a claim and communication with the Plaintiff concerning this claim.

31. Plaintiff placed reasonable and justifiable reliance upon Brotherhood Mutual to investigate, communicate, adjust, and pay this claim.

32. Brotherhood Mutual breached its duty of good faith and fair dealing by engaging in the following acts or omissions without reasonable justification:

    a. Failing to pay the claim promptly.

    b. Failing to pay an adequate amount for the claim.

    c. Failing to establish a reasonable justification for the denial of the Plaintiff's claim.

    d. Taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the claim.

    e. Failing to properly inspect the site of the loss.

    f. Failing to properly investigate the claim.

    g. Failing to properly analyze the cause of the loss and/or the applicable coverage.

Page 4 of 7

    h. Failing to properly review the analysis contained in any reports related to the loss in its possession.

    i. Failing to properly review the available evidence related to the loss.

    j. Failing to prepare a good faith estimate of damage caused by the loss.

    k. Refusing Plaintiff's reasonable requests for information.

    l. Failing to properly train, supervise and/or instruct its adjusters and/or agents.

    m. Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims.

    n. Failing to timely provide sufficient funds for the repairs and replacement of the subject property.

    o. Failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance.

    p. Acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

    q. Engaging in other wrongful acts or omissions to be shown at trial on the merits.

33. Brotherhood Mutual's failure to properly indemnify the Plaintiff for this covered loss is without reasonable justification.

34. Brotherhood Mutual's failure to properly investigate this loss and properly communicate with the Plaintiff is without reasonable justification.

35. As a direct and proximate result of 's bad faith conduct, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Living Hope Parma, by and through counsel, demands the following relief:

**A.** Judgment against Defendant, Brotherhood Mutual, for the full value of the losses and damages caused by Wind, Tornado, Hail loss at The Church on or about , in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**B.** Judgment against Defendant, Brotherhood Mutual , for an award of compensatory bad faith damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**C.** An award of reasonable attorney's fees and costs incurred in the prosecution of this action.

**D.** An award of pre-judgment interest; and

**E.** Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/ Cory D. Thompson*
Cory D. Thompson (0077967)
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2306 Park Avenue
Cincinnati, Ohio 45206
T: (513) 444-4444
F: (513) 812-3690
E: cthompson@maislinlaw.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

*/s/ Cory D. Thompson*
Cory D. Thompson (0077967)
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2306 Park Avenue
Cincinnati, Ohio 45206
T: (513) 444-4444
F: (513) 812-3690
E: cthompson@maislinlaw.com

*Attorney for Plaintiffs*

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested.

Respectfully Submitted,

*/s/ Cory D. Thompson*
Cory D. Thompson (0077967)
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2306 Park Avenue
Cincinnati, Ohio 45206
T: (513) 444-4444
F: (513) 812-3690
E: cthompson@maislinlaw.com

*Attorney for Plaintiffs*